*Marsh Mundorf Pratt Sullivan + McKenzie*
The Gateway Building
4220 132nd St. SE, Suite 201
Mill Creek, WA 98012

425.742.4545 phone
425.745.6060 fax
**www.millcreeklaw.com**

*Attorneys at Law*
Terence L. Mundorf
Jeffrey E. Pratt
William R. Sullivan
Patrick K. McKenzie
Karl F. Hausmann
Ryan S. Neale

Douglas B. Marsh *(1942-2007)*

**Marsh Mundorf Pratt Sullivan + McKenzie**
A Professional Service Corporation

March 16, 2015

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re: *Public Power Council et al. v. U.S. Dep't of Energy et al.*, Nos. 08-74811, 08-74900,08-75133, 08-75008, 08-75091, 08-75098, 08-75099, 08-75112, 08-75113, 08-75130,08-75132, 08-75161, 08-75165 (the "*PPC* cases")**

**—and—**

***Idaho Public Utilities Comm'n et al. v. Bonneville Power Admin. et al.*, Nos. 08-74927, 08-74928, 08-74929, 08-74932, 08-74933, 08-74942, 08-74947 (the "*IPUC* cases")**

Dear Ms. Dwyer,

You recently received a letter dated March 10, 2015, from certain parties to *Public Power Council et al. v. U.S. Dep't of Energy et al.,* Nos. 08-74811 *et al*. ("*PPC* cases"), and *Idaho Public Utilities Comm'n et al. v. Bonneville Power Admin. et al.,* Nos. 08-74927 *et al*. ("*IPUC* cases"). Dkt. 281 in Nos. 08-74811 *et al*. All of the parties to that letter have executed a settlement agreement with the Bonneville Power Administration ("BPA") by which they have settled the claims against BPA presented in their petitions for review in both the *PPC* and *IPUC* cases ("Settling Parties").

By their letter, and not by motion, the Settling Parties seek to (i) lift the stay imposed on the *IPUC* cases in the Court's April 14, 2014, on grounds not contained in that order (Dkt. 211 in Nos. 08-74927 *et al*.); (ii) reassert the requests from their prior motions to dismiss the WPAG Utilities' petition in the *PPC* cases, or to bifurcate the consideration of that case (Dkt. 251; Dkt. 260); and (iii) delay oral argument of the *PPC* cases scheduled for May 5, 2015, and instead use that date for oral argument of their motion. In considering how to dispose of these requests, there is additional pertinent information that should be considered by the Court.

As an initial matter, the Settling Parties indicate that their letter is to advise the Court, in accordance with the Court's Instructions and Guidelines, that all parties to the *PPC* cases (with one exception) agree that these cases are moot. The claims asserted by the WPAG Utilities in the *PPC* cases are not moot. The WPAG Utilities have not settled with BPA the claims presented in

1

their petition, as have all other petitioners in the *PPC* cases. Whether the settlement of the claims made by other petitioners in the *PPC* cases renders moot the claims that have *not* been settled by the WPAG Utilities is a contested matter. This is demonstrated by the motions dismiss the *PPC* cases filed by the Settling Parties, and the responses in opposition thereto. See, Motions to Dismiss, Dkt. 203; Dkt. 251. Responses to Motions to Dismiss, Dkt. 205; Dkt. 257.

In their letter, the Settling Parties assert that the *PPC* and *IPUC* cases are factually and legally intertwined, and this necessitates lifting the stay on the *IPUC* cases and setting oral argument on the same day as the *PPC* cases. They also suggest that because the briefs in the *PPC* cases were permitted to incorporate by reference portions of the briefs in the *IPUC* cases, the briefs in the *PPC* cases do not stand alone. They conclude that the *PPC* cases cannot be decided without also deciding the *IPUC* cases. However, events that occurred subsequent to the briefing in the *PPC* and *IPUC* cases raise questions about the relevance of these assertions.

As to the suggested intertwined nature of the *PPC* and *IPUC* cases, it should first be noted that the petitions in these two dockets challenge BPA actions taken in two separate and distinct Records of Decision. The Settling Parties offer no facts to substantiate their claim that the *PPC* and *IPUC* cases are inextricably intertwined, just the assertion that they are. The fact that these two sets of cases were never consolidated, and that the petitioners in the *PPC* and *IPUC* cases never sought to do so, gives some indication of their interrelatedness.

The Settling Parties also cite to the Court Mediator's order which authorized the parties in the *PPC* and *IPUC* cases to incorporate by reference portions of the briefs filed in these cases. Dkt. 42 in Nos. 08-74724 *et al*. The degree to which the *PPC* and *IPUC* cases were interrelated at the time briefing took place is open to debate. However, at this juncture this may not matter. All of the Settling Parties have settled with BPA the claims presented their in petitions in both the *PPC* and *IPUC* cases. The WPAG Utilities are the only petitioners who have not settled the claims made against BPA in their petitions in the *PPC* cases. The WPAG Utilities did not incorporate in either their initial brief or reply brief filed in the *PPC* cases any of the briefing from the *IPUC* cases. As a consequence, this briefing in the *PPC* cases can stand alone.

Under the Court's current orders, both the *PPC* and the *IPUC* cases are on the correct path for resolution. The *PPC* cases, and the various motions to dismiss, should be considered together on May 5th, 2015, the date for which oral argument is now scheduled. In hearing and deciding the *PPC* cases, the Court will rule on the pending motions to dismiss, and by so doing it will lift the stay on the *IPUC* cases in accordance with the order governing that case. Should the WPAG Utilities, the only petitioners in the *PPC* cases with unsettled claims, not prevail on their claims, as the Settling Parties agree there will be no need to proceed with the *IPUC* cases. Dkt. 281 in Nos. 08-74811 *et al*. In the alternative, should the WPAG Utilities prevail on their claims in the *PPC* cases, then the Court will have to grapple with the dilemma that would be presented by the *IPUC* cases of whether oral argument between BPA and *IPUC* petitioners (which petitioners do not include the WPAG Utilities), on issues that BPA and all petitioners to the *IPUC* cases have resolved by mutual settlement, presents an actual case or controversy for this Court to decide.

/s/Terence L. Mundorf
Terence L. Mundorf
Ryan S. Neale
Marsh Mundorf Pratt Sullivan & McKenzie
4402 132nd Street NE, Suite 201
Mill Creek, WA 98012

Attorneys for the Western Public Agencies Group

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System.

Participants in the case who are registered CM/ECF users will be served by the appellate CF/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM-ECF participants:

Raymond Kindley
Cable Huston Benedict Haagensen & Lloyd LLP
1001 SW Fifth Avenue
Suite 2000
Portland, OR 97204-1136

By: */s/ Ryan S. Neale*
Ryan S. Neale